UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANNE BRADY,

       Plaintiff,                                         No. 1:11-CV-00838-GJQ

v.                                                       Hon. GORDON J. QUIST

CHASE HOME FINANCE, LLC,

       Defendant.

_____/

**OPINION**

Plaintiff, Dianne Brady, has filed a Motion To Amend, Alter, Or Vacate Judgment Pursuant To Fed. R. Civ. P. 59(e) And 60. Plaintiff claims that granting leave to amend her complaint would not be futile as she now requests a judicial foreclosure as a result of this Court's interpretation of Michigan's foreclosure by advertisement statute in its May 24, 2012, opinion and order granting Defendant's motion to dismiss and denying Plaintiff's motion to amend. Plaintiff also seeks to add additional allegations and clarifications in the amended complaint that address other issues raised in this Court's Opinion. After reviewing Plaintiff's motion and Defendant's response, the Court concludes that Plaintiff's Motion under Rule 59(e) and 60 should be denied.

**I. PROCEDURAL HISTORY**[1]

On July 27, 2011, Plaintiff filed the instant action in the Mason County Circuit Court, State of Michigan. Defendant, JP Morgan Chase Bank, N.A., as successor by merger to Chase Home Finance LLC, timely removed the action to this Court on August 10, 2011. On November 23, 2011, Defendant filed a motion to dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6). (Dkt. nos.

---

[1] Information taken from Defendant's Response.

12, 13.) Plaintiff filed for a Motion for Leave to file her First Amended Complaint on January 11, 2012. On March 6, 2012, the Court denied, without prejudice, Plaintiff's Motion for Preliminary Injunction. (Dkt. no. 32.) On May 24, 2012, this Court issued its Opinion and Order granting Defendant's Motion to Dismiss, denying Plaintiff's Motion for Leave to File a First Amended Complaint on futility grounds, and dismissing Plaintiff's complaint with prejudice. (Dkt. nos. 33, 34.) Plaintiff now seeks to reopen this case under Rule 59(e) and 60.

## II. STANDARD OF REVIEW

"Under Rule 59, a court may alter the judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010), (*citing Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). Additionally,

> When a party seeks to amend a complaint after an adverse judgment, it . . . must shoulder a heavier burden. Instead of meeting only the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by Rules 59 or 60. In post-judgment motions to amend, as a result, the Rule 15 and Rule 59 inquiries turn on the same factors. A court acts within its discretion in denying a Rule 15 and a Rule 59 motion on account of "undue delay" . . . and ought to pay particular attention to the movant's explanation for failing to seek leave to amend prior to the entry of judgment.

*Id.* at 616 (internal citations and quotation marks omitted). Furthermore, "[a] plaintiff cannot use a Rule59 motion (or for that matter a post judgment Rule 15 motion) to raise arguments which could, and should, have been made before judgment issued." *Id.* (quotation marks omitted).

A court may provide relief under Rule 60 from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Additionally, relief under Rule 60(b)(6) "requires a showing of extraordinary circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 536, 125 S.Ct. 2641, 2650 (2005).

### III. ANALYSIS

**A.** *Rule 60 Analysis*

Plaintiff states that relief can be granted "from a final judgment or order for certain specified reasons as well as any other reason that justifies relief." (Dkt. no. 35 ¶ 3.) Plaintiff has not stated any facts that entitle her to relief under Rule 60(b)(1)-(5), and she fails to demonstrate extraordinary circumstances. Plaintiff, before this Court granted Defendant's motion to dismiss, argued for an interpretation of MCL § 600.3205c that conflicted with Defendant's interpretation, and this Court held for Defendant. Plaintiff admits that she chose to argue the statute's meaning instead of requesting a judicial foreclosure. Plaintiff now files a motion to amend her complaint to include a request for a judicial foreclosure - a remedy which was available before judgment was issued. These are not "extraordinary circumstances" that stood in the way of Plaintiff requesting a judicial foreclosure pre-judgment. Therefore, Plaintiff's motion under Rule 60 will be denied.

**B.** *Rule 59(e) Analysis*

Under Rule 59 "[a] court acts within its discretion in denying a Rule 15 and a Rule 59 motion on account of 'undue delay' . . . and ought to pay particular attention to the movant's explanation

3

for failing to seek leave to amend prior to the entry of judgment." *Leisure Caviar, LLC*, 616 F.3d at 616 (internal citation omitted).  "Further, under Rule 59(e), parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007), (*citing Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (a "motion under Rule 59(e) is not an opportunity to re-argue a case")); *FDIC v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir. 1992) (explaining that a Rule 59(e) motion "may not be used to argue a new legal theory").

Plaintiff, in her Brief in Support of the Motion to Allow Amendment of the Complaint, states that her previous:

> Motion to Amend was filed before Defendant's Reply Brief, so naturally the Motion to Amend did not address [a judicial foreclosure].  More importantly, even if Defendant had raised this argument earlier, Plaintiff disagrees with this interpretation and naturally would not request a judicial foreclosure of her home unless and until it was clear that it would be required . . . It is now clear from the Opinion that this Court would not allow a remedy without a request for a judicial foreclosure, and the proposed Second Amended Complaint has been adjusted accordingly.

(Dkt. no. 36 at 6-7.)  Additionally, Plaintiff states that she "now requests a judicial foreclosure according to this Court's interpretation of Michigan's foreclosure by advertisement statute," and "Plaintiff also seeks to include additional allegations and clarifications in the amended complaint which address other issues raised in the Opinion." (Dkt. no. 35 at 2.)  Plaintiff is thus attempting to use the Court as a sounding board to discover holes in her arguments, then reopen the case by requesting a judicial foreclosure. *See Leisure Caviar, LLC*, 616 F.3d at 616.  Allowing these actions "would sidestep the narrow ground for obtaining post-judgment relief under Rules 59 and 60, mak[ing] the finality of judgments an interim concept and risk turning Rules 59 and 60 into nullities." *Id.* (citation omitted).  Plaintiff had ample opportunity to move to amend to request a

judicial foreclosure before judgment; however, Plaintiff decided not to do so. Plaintiff cannot now decide to change her complaint in light of this Court's judgment. Therefore, Plaintiff's motion under 59(e) will be denied.

### IV. CONCLUSION

For the forgoing reasons, Plaintiff's motion will be denied.

An order consistent with this opinion will be entered.


Dated: August 13, 2012              /s/ Gordon J. Quist
                          GORDON J. QUIST
                          UNITED STATES DISTRICT JUDGE